McAdam, Ch. J.,
This is an action between partners, and the question presented is whether such an action can be maintained in a court of law, as partnership accountings and questions are generally cognizable only by courts of equity. There are a few exceptions to this rule, and this case does not appear to fall within either of them. Lobenthal v. Keller, 2 City Ct. R., 304.
Indeed, to justify an action at law, by one partner against another, the cause of action must be so distinct from the partnership accounts as not to involve their consideration. The capital contributed is not so distinct, for it may be impaired by losses or increased by profits. A consideration of both is, therefore, necessary before any court can determine how much should be withdrawn by either partner.
*394 The facts are: On May 4, 1886, the plaintiff delivered to the defendant $500, to be deposited in the North Biver Bank, to the credit of ‘ ‘ Muller & Cox.” This firm was composed of the plaintiff and defendant, and was formed on May 1, 1886. The plaintiff testified that his $500 and $500 to be contributed by the defendant were to be deposited in bank to the firm’s credit, there to remain as a basis of credit and not to be used in business.
The partnership was not dissolved until the last of October, 1886, so that it continued for six full months. The parties were equal partners and each were to draw out twelve dollars a week.
Upon cross-examination, the plaintiff testified that in the event of losses the $1,000 before referred to was to go toward making the business go, and that the losses, if any, would have been paid out of the money and not out of the stock. There has been no settlement of the partnership accounts, and when the defendant asked the plaintiff how much money he had drawn out of the business, the question was objected to and the objection sustained. In a co-partnership accounting the question put would have been proper, but in an action at law, not, because the partnership transactions and accounts between the partners cannot be gone into. Suppose the plaintiff had drawn out more than he put in, would he have had any recovery ?
The $500 received from the plaintiff was deposited in the North River Bank on the day it was received, but to the individual credit of the defendant. The defendant swears that this money was used in paying the bills of the firm. If this be so, it can make but little practical difference Avhether the money was kept on deposit in the individual name of the defendant or in the firm name of Muller & Cox, for in either event the defendant might have drawn against it. The $500 delivered by the plaintiff to the defendant was not a loan to the defendant, and must, in the nature of things, have been a contribution of capital which cannot be withdrawn until the firm’s accounts have been settled up and there has been an accounting between the partners. Until then it is impossible to determine what specific interest either partner has. in the capital of the firm.
The case is not one in which a plaintiff claims to have been fraudulently led into a partnership which he repudiated on discovering the fraud, and as the result of his rescission seeks to recover back the capital fraudulently obtained from him,for there is no allegation of fraud or of recision to be found in the complaint.
The plaintiff may perhaps have been wrongly dealt with, but the court, with its prescribed jurisdiction, cannot re *395 dress every wrong that grows out of partnership disputes. The power to deal with such matters has been placed in the various courts of equity, which may afford an injured member of a firm all the relief he needs. In the present case, no balance has been struck, nor has there been a promise to pay to the plaintiff any specific sum, nor can the sum to which the plaintiff is equitably entitled be determined without reference to the partnership accounts. The action is founded on the partnership relation, and the delivery of the $500, as a contribution to the capital, is but one of the incidents peculiar to every relation of this character, and there is nothing in this case to distinguish it from any other of the kind.
Under the circumstances, we think the judgment must be reversed and a new trial granted, with costs to abide the event, on the ground that the plaintiff ought to have sought his remedy against his co-partner in equity, and not within the limited jurisdiction of this court.
Ehrlich, J., concurs.